IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STEPHEN WALKER, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:18-CV-088-Z-BR |
| § | |
| DIRECTOR, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Stephen Walker ("Petitioner") filed a *Petition for a Writ of Habeas Corpus by a Person in State Custody*, challenging the constitutional and statutory legality or validity of his state court sentence calculation. (ECF 3). The undersigned United States Magistrate Judge recommends Petitioner's application for federal habeas corpus relief be DENIED.

### I.   STATEMENT OF THE CASE

On February 26, 1999, Petitioner was charged by Indictment in Lubbock County, Texas with the first-degree felony offense of injury to a child under fourteen (14), in violation of section 22.04 of the Texas Penal Code. *State v. Walker*, No. 99-429, 830-A. (ECF 27-1 at 8). Specifically, Count I of the Indictment alleged the following:

> (COUNT I)… in Lubbock County, Texas, STEPHEN WALKER, hereinafter styled defendant, heretofore on or about the 24th day of January A.D. 1999, did then and there intentionally and knowingly cause serious bodily injury to V.W., a child, fourteen (14) years of age or younger, by striking the said V.W. with and against a hard object, the exact nature of which is unknown to the Grand Jury, and by shaking the said V.W.
>
> And further and in the course of committing the aforesaid offense, the said defendant did then and there use and exhibit a deadly weapon, to wit: a hard object, the exact nature of which is unknown to the Grand Jury, that in the manner of its use was capable of causing death and serious bodily injury.

*Id*. The two remaining counts of the Indictment were dismissed pursuant to Petitioner's plea of guilt. *Id.* at 9.

Petitioner, represented by counsel, pleaded guilty to Count One of the Indictment on December 19, 2000. *Id.* at 11. The Court then sentenced Petitioner to forty (40) years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division, pursuant to the plea agreement. *Id.* at 14.

Petitioner did not file a direct appeal of his conviction and sentence to the Court of Appeals for the Seventh District of Texas or a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals (TCCA). However, Petitioner has submitted three Section 11.07 writs to the TCCA regarding his criminal conviction. On August 24, 2005, Petitioner challenged his conviction based on ineffective assistance of counsel claims. *See Walker v. State*, No. WR-62,879-01. (ECF 27-1 at 17). On January 12, 2017, Petitioner filed a second Section 11.07 writ. *See Walker v. State*, No. WR-62,879-02. (ECF 26-3 at 1). In reference to Petitioner's current claims, Petitioner filed a third Section 11.07 writ on April 4, 2018. *See Walker v. State*, No. WR-62,879-03. (ECF 26-6 at 1). By this Section 11.07 writ, Petitioner raised four grounds with the TCCA. *Id*. at 19-33. On January 25, 2019, Petitioner became eligible for parole after serving half of his sentence, but he was denied parole on March 18, 2019, and given a two-year set off. TDCJ Inmate Search, https://offender.tdcj.texas.gov/OffenderSearch/search.action (last accessed April 19, 2021).

On May 1, 2018, Petitioner placed the instant federal application for habeas corpus in the prison mailing system. (ECF 3 at 8). The application was received and filed of record on May 8, 2018. *Id*. at 1.

## II.     PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

> Petitioner asserts his substantive and procedural due process rights are violated by the State's failure to release him to mandatory supervision (following his parole eligibility date) and he is now entitled to release from custody. (ECF 3 at 5-6; ECF 28 at 5-6; ECF 6 at 1).
>
> Petitioner asserts that the Texas Government Code Section 498.003's merging of good time and work time credits is unconstitutional, and he is thus entitled to additional credits and earlier release. Petitioner asserts the failure to separately credit work time is a violation of the Takings Clause. (ECF 3 at 5-6; ECF 28 at 1-3).
>
> Petitioner asserts that the failure to reduce his sentence by "all" of his credits (mandatory supervision credits, parole credits, good time credits, and work credits) and allow him release from custody after serving half of his sentence (20 years), is a violation of his plea agreement and sentencing "contract." (ECF 3 at 5-6; ECF 8-12).

### III.   RESPONSIVE PLEADINGS

On July 23, 2018, Respondent filed an Answer asserting Petitioner's habeas application should be denied. (ECF 25). In the Answer, Respondent fully and accurately briefed statutory and case law concerning the standard of review in Section 2254(d) cases. (ECF 25 at 4-6). Respondent also set forth relevant dates in this case and analyzed Petitioner's eligibility for mandatory supervision. *Id*. at 6-8.

On August 7, 2018, Petitioner filed his Objection/Reply to Respondent's Answer.

### IV.   ANALYSIS

**A.  Mandatory Supervision Release Versus Parole Eligibility**

The Fifth Circuit has distinguished due process concerns for inmates subject to release to mandatory supervision from inmates only eligible for possible release to parole. *See Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997).

> There are two ways in which a prisoner becomes eligible for release under Texas law. **The first is by parole and the second is under a mandatory supervised release program.** "Parole" means the discretionary and conditional release of an eligible prisoner sentenced to the institutional division so that the prisoner may serve the remainder of his sentence under the supervision and control of the pardons and paroles division. TEX. CODE CRIM. P. ANN. art. 42.18 § 2(1) (Vernon 1996). "Mandatory supervision" means the release of an eligible prisoner sentenced to the institutional

> division so that the prisoner may serve the remainder of his sentence not on parole, but under the supervision and control of the pardons and paroles division. TEX. CODE CRIM. P. ANN. art. 42.18 § 2(2) (Vernon 1996).

*Id*. at 768. (emphasis added).

> However, *Madison* did not directly resolve the question whether the Texas statute authorizing mandatory supervision creates a liberty interest because the record in that case did not reflect whether Madison was eligible for mandatory supervision release. (citations omitted). We now conclude that, pursuant to the Supreme Court's decision in *Wolff*, there is a constitutional expectancy of early release created by Texas's mandatory supervision scheme in place prior to September 1, 1996 for earned good time credits. (citation omitted).

*Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000).

Petitioner argues that he is entitled to release to mandatory supervision once he became eligible for parole. (ECF 6 at 1). His argument is entirely without merit. Petitioner cites *Madison*, but this is misguided; the Fifth Circuit determined that "the record lacks significant information as to whether [Petitioner Madison] was **eligible** for mandatory supervised release. Therefore, we cannot determine whether he was entitled to due process until sufficient facts have been revealed." *See id*. at 769 (emphasis added). Although the Fifth Circuit in *Malchi* determined that a prisoner has a liberty interest in good time credits *if eligible* for mandatory supervision under the pre-1996 scheme, Petitioner's argument that he is automatically entitled to "convert" his parole eligibility to an entitlement to mandatory supervision is entirely contradictory to this Circuit's precedent.

Rather, this Court, based on the record, must determine if Petitioner is eligible for mandatory supervision and thus entitled to due process protections concerning his good time credits. *See Madison*, 104 F.3d at 768; *Malchi*, 211 F.3d at 957-58.

Here, the record is clear that Petitioner is *not* eligible for mandatory supervision. Petitioner committed the offense of injury to a child on January 24, 1999. (ECF 27-1 at 8). Texas Government Code Section 508.149(a), the relevant law in effect at the time Petitioner committed injury to a child in violation of Texas Penal Code Section 22.04, reads as follows:

> a) An inmate **may not be** released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of …
>
> (8) a first-degree felony under Section 22.04, Penal Code.

Tex. Gov't Code § 508.149(a)(8) (1997) (emphasis added) (Added by Acts 1997, 75th Leg., ch. 165, § 12.01, eff. Sept. 1, 1997. Amended by Acts 1999, 76th Leg., ch. 62, § 10.22, eff. Sept. 1, 1999).[1]

Texas law provides that good time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence. TEX. GOV'T CODE ANN. § 498.003 (Vernon Supp. 1999); *Ex parte Montgomery*, 894 S.W.2d 324 (Tex. Crim. App. 1995). Here, Petitioner is incarcerated pursuant to a conviction for the offense of injury to a child. Petitioner is therefore ineligible for mandatory supervised release. Consequently, any good time credits he has earned apply only toward his eligibility for parole. Prisoners in Texas possess no constitutionally protected right to release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 422 U.S. 1, 7 (1979); *Madison*, 104 F.3d at 768–69; *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Gilbertson v. Texas Board of Pardons and Paroles*, 933 F.2d 74, 75 (5th Cir. 1993). Because parole is entirely discretionary, there is no liberty interest in parole that is protected by the Due Process Clause. *See Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007); *Orellana*, 65 F.3d at 31–32.

### B. Good Time Versus Work Credits

Federal district courts in Texas have noted that "[u]nder Texas law work-time credits are treated as good-time credits." *See LaFoe v. Dretke*, No. 3:03-CV-1722-M, 2004 WL 287734, at *4 n.10 (N.D. Tex. Feb. 5, 2004) (citing TEX. GOV'T CODE § 498.003(d)); *Carson v. Quarterman*, No. 3:06-CV-0252-B, 2007 WL 136328, at *3 n.2 (N.D. Tex. Jan. 18, 2007); *Baker v. Johnson*, No. 3:01-CV-0042-X, 2001 WL 301395, at *2 n.3 (N.D. Tex. Mar. 27, 2001).

---

[1] The current statute still prohibits release to mandatory supervision for this offense, but it is codified at §508.149(a)(9).

Petitioner is challenging the State's application of its own law that treats work time credits as good time credits. A challenge to a State's application or interpretation of its own law does not raise an issue appropriate for federal review. *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).; *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983), *cert. denied* 466 U.S. 975 (1984) (holding that it is not the function of federal habeas courts to review the state's interpretation of its own law); *see also Fox v. Dretke*, No. 2:05-CV-0305, 2006 WL 2583388, at *1 (N.D. Tex. Sept. 5, 2006) (holding that the petitioner's claim that his work credits entitled him to time off of his sentence was a matter of state law not appropriate for federal review).

The Court has already determined that Petitioner has no due process claim in the treatment of his good time credits. Thus, Petitioner fails to show that the adjudication of his claim in state court resulted in a decision that was contrary to clearly established federal law or was otherwise unreasonable.

### C. Petitioner's Takings Clause and Contract Arguments

Petitioner did not assert any Takings Clause challenge in his state habeas application. *See* ECF 26-6 at 1-33. However, the Court finds on the merits that Petitioner has entirely failed to present a habeas claim under the Takings Clause. Under Texas law, good and work time credits apply only to eligibility for parole or mandatory supervision and do not actually reduce, extend, or otherwise have any effect on the length of sentence imposed on an inmate. *Revilla v. Thaler*, No. 4:11-CV-339-A, 2011 WL 4529777, at *3 (N.D. Tex. Sept. 29, 2011) (citing *See Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994); TEX. GOV'T CODE ANN. § 498.003(a) (Vernon 2004)). "Consequently, any good or work time petitioner has accrued does not discharge any part of his []-year sentence. A Texas inmate cannot compute his sentence by adding good time credits to the time he has actually served (flat time)-it merely reflects when he is eligible for [parole or] mandatory supervision, not that he is absolutely entitled to immediate release." *Id.* (citing *Cordova v. Johnson*, No. 3:00–CV–1622–

P, 2001 WL 493179, at *3 (N.D. Tex. May 8, 2001) (not designated for publication)). Here, Petitioner seeks immediate release, not discretionary parole, based on subtracting good time credits, work time credits, and even "mandatory supervision" credits (for which he is not eligible) from his forty-year sentence. Petitioner's Takings Clause claim is wholly without merit.

Petitioner also asserts that the state sentencing judge only informed him that he had to serve his first half of his forty-year sentence before good-time credits would be considered. It is accurate that Petitioner was not eligible for parole, based on the nature of his offense, until he had served half of his sentence. However, this information given by the sentencing judge, which Petitioner terms a contract, is not inaccurate. Never did the sentencing judge promise Petitioner that he would be released after the first twenty years of his sentence if he had accrued sufficient good time and work time credits. *See* ECF 27-1; ECF 3 at 5-6. Further, Petitioner's "contract" claim fails to state a cognizable habeas claim. *See General Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992).

## V.    FINAL FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner is not eligible for mandatory supervision.

2. Petitioner has no state-created liberty interest in early release or parole, and thus has no due process interest in the loss of any good time credits.

3. Petitioner's "contract" challenge to his plea agreement is not cognizable on habeas review.

4. Petitioner's argument that his good time credits should be separate from his work time credits and that he is automatically entitled to a reduced sentence for his work time credits is contrary to law.

5. Petitioner's Takings Clause argument is procedurally defaulted; in any event, the claim fails on the merits.

## VI.    RECOMMENDATION

For the above reasons and the reasons set forth in Respondent's Answer filed July 23, 2018 (ECF 25), it is the RECOMMENDATION of the United States Magistrate Judge to the United States

District Judge that the petition for a writ of habeas corpus filed by Petitioner Stephen Walker be DENIED.

## VII. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 29, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).